# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MARCUS DIXON,

    Petitioner,

v.                                      CIVIL ACTION NO. 3:10-1143
                                            (CRIMINAL ACTION NO. 3:08-00032)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Movant Marcus Dixon's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF Nos. 80, 86. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that Movant's Motion be denied; that Movant's request for evidentiary hearing and the appointment of counsel in his initial Motion (ECF No. 80) be denied; and that this civil action be dismissed, with prejudice, and removed from the docket of this Court. Having reviewed de novo the pleadings and Movant's objections, the Court **DENIES** Movant's objections and **ADOPTS** the Magistrate's Proposed Findings and Recommendations.

### I. Background

On January 14, 2008, the Huntington Police Drug Task Force conducted a controlled buy of cocaine base ("crack") from Movant, Marcus Dixon, then obtained a search warrant for the house where the sale was made. In executing that search warrant, officers found 109.7 grams of cocaine

base in the house. They also recovered $20,000 in cash from a loveseat, and $560 in cash from Dixon's person. *See* Tr. of Sentencing Hr'g, ECF No. 59, at 6.

On February 6, 2008, Dixon was indicted on two counts of distributing cocaine base and one count of possessing cocaine base with intent to distribute. On May 12, 2008, he pleaded guilty to count three of the indictment, possession with intent to distribute, in a form plea agreement. ECF Nos. 34, 35. On September 2, 2008, he was sentenced to 140 months imprisonment and five years supervised release. ECF No. 51. At sentencing, the Court determined that the cash found at Dixon's home was the proceeds of drug distribution. As such, the Court converted it into marijuana equivalent and added it to the relevant conduct used to determine Dixon's sentencing guideline range. ECF No. 53. Dixon appealed the Court's treatment of the cash as the proceeds of drug distribution, which was affirmed by the Fourth Circuit. ECF No. 65. Dixon then filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.[1] This Motion was referred to Magistrate Judge Cheryl Eifert, who issued Proposed Findings and Recommendations ("PF&R"). ECF No. 107. Dixon filed Objections to the PF&R (ECF No. 115), and the matter is now ripe for resolution.

## II. Objections

Movant objects to the PF&R on two grounds. Bearing in mind the rule that pro se pleadings must be construed liberally, the Court understands the objections as follows. First, Movant objects

---

[1] Section 2255 provides in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

to the finding that his claim regarding his indictment was waived by his guilty plea. Second, he objects to the finding that his claim of prosecutorial misconduct was waived because it was not presented on direct appeal. This Court reviews these Objections de novo. Fed. R. Civ. P. 72.

### 1. Flawed Indictment

Movant alleges that the indictment in his case was flawed for a variety of reasons, such as a lack of proper authorization. Although his arguments appear completely without merit, the Court need not make such a determination, because Movant waived this attack on the indictment process when he pleaded guilty pursuant to a plea agreement on May 12, 2008. A "guilty plea constitutes waiver of all nonjurisdictional defects." *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (rejecting a habeas petitioner's claim concerning his indictment process, where the petitioner had pleaded guilty). *Tollett* instructs that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id. See also United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993); *United States v. Wiggins*, 805 F.2d 51, 52 (4th Cir. 1990). Although defendants who plead guilty do not waive claims related to defects in the plea itself, in this case, Movant does not argue that his guilty plea was flawed. The Court therefore **FINDS** that Movant waived his claim about his indictment when he executed a guilty plea.

## 2. Prosecutorial Misconduct

Movant next objects to the Magistrate Judge's finding that he waived his claim of prosecutorial misconduct by failing to assert it on direct appeal.

Movant argues that the prosecutor in his criminal action committed misconduct by failing to correct "false" testimony by a law enforcement officer during sentencing. The officer testified that he recovered money from a loveseat in Movant's home, packaged in amounts of around $1,000, in various bills, and banded with rubber bands. ECF No. 59 at 5-7. Photographs provided to Movant during discovery apparently showed the cash stacked, but not banded. Movant claims that the prosecutor should have corrected the agent's testimony that there were rubber bands on the bundles of cash. Movant claims he was prejudiced by this alleged misconduct because the district court credited the agent's testimony, and counted the seized cash as drug proceeds. The Court then converted drug proceeds into equivalent drug amounts in calculating Movant's guideline sentence.

Examining this claim on the merits, it must fail. The agent's testimony would not have been significantly discredited had the prosecutor pointed out that later-taken photographs did not show the purported rubber bands. Any factual disparity between his testimony and the photographs was minor, and there is an obvious explanation for why bundles of money may have been banded when recovered, but not banded in later photographs: the bands may have been cut off in order to count the money. *See* Tr. of Sentencing Hearing, ECF No. 59, at 14 ("[Defense Counsel]: 'I want to reconfirm, the cash, *once you cut the bundle open*, was in different denominations.' [Agent]: 'Yes, sir.'") (emphasis added). Movant therefore fails to demonstrate either prosecutorial misconduct, or prejudice resulting from such alleged misconduct.

However, even if Movant could prove misconduct or prejudice, the claim would still be barred. Movant failed to raise the issue on direct appeal, and thus defaulted the claim.[2] In general, a claim that could have been raised on direct appeal, but was not, may not later be raised in a collateral attack. The appropriate analysis depends on the type of claim at issue.

A claim of prosecutorial misconduct may rise to the level of a constitutional claim when a prosecutor's comments or conduct infringes on a defendant's specific rights, such as the right to remain silent or the right to counsel. *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986). In this case, however, Movant has no constitutional claim. Under the first test, "cause," Movant cannot show cause for failing to raise the claim on direct appeal. *See Murray*, 477 U.S. at 487 ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."). The second test, "miscarriage of justice," applies only in cases where actual innocence is alleged, and Movant has made no such allegation in this case. *See Murray*, 477 U.S. at 496. Therefore, Movant's claim is not a constitutional claim.

As a nonconstitutional claim, Movant's prosecutorial misconduct claim is defaulted because he did not raise it on direct appeal. "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976) (*quoting Sunal v. Large*, 332 U.S. 174, 178 (1947)). Although Movant argues that he cannot be held responsible for failing to assert the claim on appeal because he had counsel at that

---

[2] Movant did appeal this Court's decision to consider the money recovered from his house relevant conduct for sentencing purposes. The Fourth Circuit affirmed this Court's determination. ECF No. 65. Movant now asserts a different claim about the money: that the prosecutor's failure to "correct" the agent during testimony about the money was prosecutorial misconduct.

time, who was responsible for the appeal, (ECF No. 115 at 2) this does not exempt Movant from procedural default. Movant acted through counsel. His Motion to Vacate did not argue that counsel was ineffective in failing to pursue this claim on appeal, and Movant may not now do so in his Objections. The Court therefore **FINDS** that Movant procedurally defaulted his claim of prosecutorial misconduct.

Having reviewed Movant's Objections de novo, the Court **FINDS** that Movant waived any claim of an invalid indictment when he pleaded guilty, and that Movant defaulted any claim of prosecutorial misconduct by failing to raise it on direct appeal. The Court **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations and **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ECF Nos. 80, 86. The Court **DENIES** Movant's request for evidentiary hearing and the appointment of counsel contained in his initial Motion (ECF No. 80) and **DISMISSES** this action, with prejudice, from the docket of this Court.

Additionally, the Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 28, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE